UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANTOS GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00068 |
| | § | |
| STATE OF TEXAS, *et al*, | § | |
| | § | |
| Respondents. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court are Petitioner's application for habeas relief, (D.E. 1), and Respondents' Motion for Summary Judgment, (D.E. 24). On August 28, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation addressing these matters. (D.E. 30). The Magistrate Judge recommends that Respondents' Motion for Summary Judgment be granted and Petitioner's application for habeas relief be denied. Petitioner timely filed Objections on September 11, 2013. (D.E. 31).

In 2009, Petitioner pleaded guilty to aggravated sexual assault of a child and two counts of indecency with a child. Pursuant to a plea bargain, he received deferred adjudication and was sentenced to 180 days in jail. A term of community supervision was imposed, and a fine was assessed.

In 2011, Petitioner filed a state habeas petition claiming that his attorney's advice to accept the plea bargain offered by the state constituted ineffective assistance of counsel. In denying relief, the trial court declined to conduct an evidentiary hearing and

held that Petitioner did not receive ineffective assistance of counsel because his guilty plea was knowingly and voluntarily entered. Petitioner appealed the ruling on the basis that the trial court abused its discretion in denying his request for an evidentiary hearing. The Thirteenth Court of Appeals affirmed the denial, and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. The instant habeas petition was filed on March 11, 2013.

In making her recommendations, the Magistrate Judge concluded that Petitioner's application for habeas relief should be denied because it is unexhausted, procedurally barred, and without merit. Petitioner's Objections are set out and discussed below.

First, Petitioner points out what he perceives to be an inconsistency in the Memorandum and Recommendation concerning the timeliness of his § 2254 habeas petition. Although Petitioner objects to any finding that his habeas petition is time-barred, both parties have since acknowledged that the Magistrate Judge did not find the petition barred by the statute of limitations. *See* (D.E. 32, p. 1-2) and (D.E. 33, p. 2). Accordingly, Petitioner's first objection is **OVERRULED**.

Second, Petitioner objects to the conclusion that his ineffective assistance of counsel claim is unexhausted and procedurally barred. Petitioner argues that his ineffective assistance of counsel claim was properly presented to the state appellate court because it was "intertwined with his argument to the high court for granting review." (D.E. 31, p. 6). Petitioner further asserts that the state appellate court conducted an actual review of his ineffective assistance claims. (D.E. 31, p. 6-7).

The exhaustion requirement is not satisfied "by presenting the state courts only with the facts necessary to state a claim for relief." *Gray v. Netherland*, 518 U.S. 152, 163 (1996). The specific constitutional right allegedly violated must also be identified. *Id.* at 162-3. "[W]here a petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in state court, he fails to satisfy the exhaustion requirement." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). If petitioner fails to exhaust state court remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred, there is a procedural default for purposes of federal habeas. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

In this case, the sole issue presented for review to the state appellate court was whether the trial court abused its discretion by failing to conduct an evidentiary hearing on Petitioner's habeas application. (D.E. 27-7, p. 11); *see also Ex Parte Gonzales*, 2012 WL 2928924, at *2 (Tex. App. July 19, 2012); (stating "[i]n his sole issue, [Petitioner] contends that the trial court abused its discretion by not conducting an evidentiary hearing on his application for writ of habeas corpus.").

Petitioner referenced his ineffective assistance claim in his brief to the Thirteenth Court of Appeals, (D.E. 27-7), but the only issue presented for review was the denial of the evidentiary hearing. The issue of whether the trial court abused its discretion by failing to conduct an evidentiary hearing and the issue of whether Petitioner received ineffective assistance of counsel with regard to his guilty plea are conceptually distinct, and Petitioner's attempt to conflate the two runs afoul of the prohibition articulated in

*Wilder* against advancing arguments in federal court based on a legal theory distinct from the one relied on in state court.

Because Petitioner did not present his ineffective assistance claim before the state courts, his ineffective assistance claim is unexhausted. The statute of limitations has expired for bringing such a claim so it is also procedurally barred. Petitioner's second objection is therefore **OVERRULED**. Even if his ineffective assistance claim is unexhausted, as discussed below, the claim is without merit.

Third, Petitioner objects to the Magistrate Judge's conclusion that he failed to sustain his burden as to the merits of his ineffective assistance of counsel claim. Petitioner argues that his trial counsel should have "challenged the sufficiency of the evidence and moved for a judgment of acquittal" "because the potential testimonial evidence against [Petitioner] would provide no basis for conviction," and the failure to do so was prejudicial in that it caused Petitioner to be "punished for a crime he did not commit." (D.E. 31, p. 8-9, 11). However, as the Magistrate Judge noted, "[t]he record supports the conclusion that Petitioner's attorney rendered effective assistance during the plea process . . . ." (D.E. 30, p. 19).

Petitioner's claim that there is no basis on which to support a conviction is unsupported by the record. Although favorable evidence for Petitioner, neither the recantation by the complaining witness nor the medical exam is dispositive as to whether an assault actually occurred. As the Magistrate Judge pointed out, the complaining witness's original accusation against Petitioner—to the police, her band director, and the nurse examiner—is still evidence that the prosecution could have presented.

Petitioner asserts that by advising him to plead guilty despite the complaining witness's recantation and other potentially favorable evidence, his counsel's performance fell below an objective standard of reasonableness. Again, the evidence before the Court does not support this claim. In his affidavit, Petitioner's trial counsel states that he informed Petitioner about the effect of the recantation as well as the "other facts and potential witnesses in his case" and explained to him that a recantation does not lead to an automatic dismissal. (D.E. 24-4, p. 21). Trial counsel did, however, use the recantation to "to get a better plea," which included an offer of deferred adjudication. (D.E. 24-4, p. 21).

Because Petitioner has not put forth any evidence of objectively unreasonable representation, he has failed to support a claim of ineffective assistance of counsel. In addition, none of the Petitioner's evidence, consisting primarily of conclusory assertions of guaranteed acquittal, undermines the voluntariness of his plea. Accordingly, Petitioner's third objection is **OVERRULED**.

Finally, Petitioner objects to the Magistrate Judge's recommendation to deny a Certificate of Appealability (COA). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The standard is satisfied by showing that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). When claims are dismissed on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. 473, 484 (2000).

In this case, Petitioner has not made the necessary showing to justify the issuance of a COA. The conclusions in the Memorandum and Recommendation are not erroneous, as Petitioner suggests. Reasonable jurists would not find it debatable that Petitioner's claims are unexhausted and procedurally barred and would not debate denial on the merits either. Because Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists would debate neither the procedural nor substantive basis for denying the relief he seeks, denial of a COA is appropriate in this matter. Petitioner's fourth objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondents' Motion for Summary

Judgment (D.E. 24) is **GRANTED**, and Petitioner's Application for Habeas Relief (D.E. 1) is **DENIED**. A Certificate of Appealability is **DENIED**.

ORDERED this 13th day of January, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE